**WEST REALTY, INC., Plaintiff, v. COLUMBUS (City) et al, Defendants.**

Common Pleas Court, Franklin County.

No. 187674. Decided June 19, 1953.

Knepper, White & Dempsey, Columbus, for plaintiff.
Richard W. Gordon, City Atty., Ray Snowden, Asst. City Atty., Columbus, for defendants.

### OPINION

By BARTLETT, J.

**TEMPORARY RESTRAINING ORDER ALLOWED.**

Motion to temporarily restrain City of Columbus from proceeding to appropriate real estate of plaintiff known as 312 West Town Street, Columbus, Ohio, being 110 feet frontage on Town Street and 126 feet on Belle Street located at northwest corner of said streets, said restraining order to continue until the legality of the city program is determined as to the use of the particular property of the plaintiff.

First things should be determined first. It would be a waste of time and public funds to proceed with the appropriation of this property, if it should finally be decided that the city's program was illegal as to this property on any one of the numerous grounds set up in the petition. It is to the city's own benefit that these legal objections be determined first;

and they cannot be determined in a condemnation proceeding.

The petition does state a cause of action, and if proved at the trial, and cannot be successfully controverted by the city, the plaintiff would be entitled to the relief demanded, then, to preserve the rights of the parties in status quo, the temporary restraining order is authorized. **21 O. Jur., Injunctions, Sec. 51, p. 1057.**

It is objected here that the city has no present plans for establishing esplanades, boulevards, parkways, park grounds or public reservations around public buildings in the area where plaintiff's property is located, and that the city has no present plans for restricting the use of such lands to protect any public buildings, etc. Even the argument of counsel for the city discloses that no definite plans of the city are now in existence, from which one might determine the particular public use for which the city needs plaintiff's property. Certainly, there are no plans which would enable even the city to say this property is needed for a park or a street, or is needed for the purpose of reselling with reservations in the deeds to protect public buildings, among the many purposes enumerated in the resolution of council of the city.

"Municipal legislation failing to define the purpose of excess appropriations in definite and specific terms cannot be sustained." * * *

"It follows **a fortiori** that the city is required not only to define specifically the purpose of the appropriation in its legislation, but it is incumbent upon the city to sustain such requirement by proof of its necessity, since the power granted to a municipality to appropriate excess property in furtherance of a public use is only granted when the excess is reasonably needed for that use."

**East Cleveland v. Nau, 124 Oh St 433, 436.**

"The power conferred on a municipal corporation to take private property for public use must be strictly followed."

Cincinnati v. Vester, 281 U. S. 439.

Excess condemnation, "the taking by eminent domain of more property than is necessary for the creation of a public improvement, and of subsequently selling or leasing the surplus. The right is claimed in these cases upon three grounds, the first called the 'remnant' theory, * * * The second or 'protective' theory is that, if the city owned the adjacent land, it could sell it under restrictions that would preserve the beauty of the street, and then facilitate the increase in the values of the surrounding property. The third or 'recoupement' theory * * *." (p. 243.)

The "protective" theory is relied on in the instant case.

"The proofs do not show that the city has any present plan for beautifying or establishing building restrictions on the south side of Fifth Street. Nor does it appear that the ownership of this property any more than that of the adjoining property is essential in the development or the carrying out as a whole of any plans of that character that the city may. hereafter devise." (p. 244.)

Cincinnati v. Vester 33 F. (2d) 242, 243, 244, affirmed 281 U. S. 439, supra.

These and other legal objections raised in the petition warrant a restraining order and the Court so orders. Bond $500.